UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH VERBEKE,

    Plaintiff,

v.                                                       Case. No. 08-10803
                                                         Hon. Lawrence P. Zatkoff

MICHAEL J. ASTRUE,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 5, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed this action seeking Social Security disability benefits. This matter currently comes before the Court on Magistrate Judge Binder's Report and Recommendation, in which the Magistrate Judge recommends that Plaintiff's motion for summary judgment be granted and Defendant's motion for summary judgment be denied. Defendant has filed objections to the Magistrate's Report and Recommendation, to which Plaintiff has responded. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, and the parties' objections. For the reasons discussed below, the Court does not adopt Magistrate Judge Binder's Report and Recommendation. Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

**II. LEGAL STANDARD**

The Court examines an Administrative Law Judge's (ALJ) decision to determine if the

correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.*

### III. ANALYSIS

The facts of this case are adequately recited in the Report and Recommendation and need not be revisited here. Plaintiff sought review claiming that the ALJ improperly discredited Plaintiff's testimony as to the severity and duration of her pain, her intermittent fatigue, and her inability to concentrate when determining her residual functional capacity (RFC).

Plaintiff has the burden to establish her disability. To analyze subjective claims of pain,

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Heath and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1984). The ALJ must examine all of the relevant evidence, including Plaintiff's testimony, her daily activities, and her medical records to determine the limiting effect of her symptoms. *See* 20 C.F.R. § 404.1529(c). The ALJ found that Plaintiff's medical conditions could reasonably be expected to produce her symptoms, but that they were not of a disabling severity. *See* Tr. at 28.

The medical record is conspicuously lacking in objective medical evidence and physician opinion establishing the claimed severity and limiting effects of Plaintiff's symptoms; thus, it was proper for the ALJ to assess Plaintiff's credibility. *See Hash v. Comm'r of Soc. Sec.*, No. 08-5654, 2009 WL 323101, at *9 (6th Cir. Feb. 10, 2009) (deferring to ALJ in absence of objective medical

evidence to confirm disabling pain); *Hicks v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 757, 763 (6th Cir. 2004) (deferring to ALJ when doctor found claimant was not disabled and imposed "virtually no limitation" on his ability to work); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (deferring to ALJ because an "absence of sufficient medical evidence makes credibility a particularly relevant issue"). The ALJ considered Plaintiff's testimony, daily activities, and the objective medical record in accessing Plaintiff's credibility. *See* Tr. at 28. The ALJ's credibility findings are "subject to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxter v. Halton*, 246 F.3d 762, 773 (6th Cir. 2001).

Finally, the ALJ may exclude from his hypothetical questions those limitations that he does not find credible. *See Infantado v. Astrue*, 263 Fed Appx. 469, 476-77 (6th Cir. 2008). Thus, the ALJ properly crafted his hypothetical questions based on his assessment of what Plaintiff "can or cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

As the ALJ's RFC assessment included all of Plaintiff's limitations corroborated by the medical record, the Court finds that substantial evidence supported the ALJ's findings that Plaintiff's testimony as to her other allegedly disabling symptoms was not entirely credible, that Plaintiff is able to perform other work within the confines of her RFC, and that Plaintiff is not disabled.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: March 5, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 5, 2009.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290